THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD TYSON | : | No. |
| | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| NATIONWIDE INSURANCE COMPANY | : | |
| OF AMERICA and NATIONWIDE | : | |
| MUTUAL INSURANCE COMPANY | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

### I. PARTIES

1. Plaintiff, Richard Tyson, (hereinafter referred to as "Plaintiff") is a citizen of the Commonwealth of Pennsylvania and an adult individual with his principal residence address at 202 Magnolia Road, Warminster, Pennsylvania 18974.

2. Defendant, NATIONWIDE INSURANCE COMPANY OF AMERICA, and NATIONWIDE MUTUAL INSURANCE COMPANY (hereinafter referred to as "Defendants"), are corporations and or business entities with principal offices and headquarters at Nationwide Drive in Columbus, Ohio and a Citizen of this state.

### II. JURISDICTION AND VENUE:

3. Jurisdiction is pursuant to 28 U.S.C. §1332 in that plaintiff and defendant are citizens of different states and Diversity Jurisdiction exists.

4. Venue is proper in the Eastern District of Pennsylvania as the cause of action arose from a motor vehicle collision which occurred in Montgomery County, Pennsylvania.

III. FACTS:

5. On April 9, 2010 at approximately 8:09 p.m. plaintiff was lawfully operating a motor vehicle at or near Easton Road near Horsham Road in Horsham Township, Montgomery County, Pennsylvania.

6. At the same date and time, tortfeasor, Timothy Gallagher was recklessly and/or carelessly and negligently operating a Jeep Cherokee in the same direction when suddenly and without warning and under the influence of alcohol, he crashed the front of his vehicle he was operating into the rear of the vehicle being driven by another, causing that vehicle to in turn strike a vehicle being operated by plaintiff.

7. At all times relevant hereto, the tortfeasor, was acting under the influence of alcohol while driving his motor vehicle. Further, he had a previous offense for drunk driving that predated this collision

8. Said impact caused Plaintiff to suffer severe and permanent injuries more fully outlined herein.

9. Plaintiff was injured by the conduct of an underinsured tortfeasor.

10. The tortfeasor, owed a duty of care to plaintiff to operate his vehicle in a reasonable and safe manner, free from negligent and reckless conduct.

11. The tortfeasor breached this duty of care by committing the reckless and negligent act of driving while under the influence of alcohol to the degree that his driving was impaired.

12. The aforesaid collision was caused solely and exclusively by the aforesaid conduct, which consisted of, among other things, the following:

    (a) Failing to obey a traffic regulations;

    (b) Failing to maintain an assured clear distance between the front of his vehicle and another vehicle;

    (c) Operating a vehicle at a speed which was unsafe for conditions;

    (d) Failing to operate his vehicle as an ordinary, reasonably prudent person by driving under the influence of alcohol to the degree that rendered him incapable of safe driving for a second time;

13. As a direct and proximate result of the reckless conduct of tortfeasor, Plaintiff has suffered severe pain and physical injury, some or all of which injuries are or may be permanent in nature.

14. As a direct and proximate result of the aforesaid reckless conduct of the tortfeasor, the Plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or incur various expenses described in 75 Pa. C.S. Section 1711, et seq., for the injuries he has suffered and may be obliged to continue to expend such sums or to incur such expenditures in the future.

15. As a direct and proximate result of tortfeasor's reckless and negligent conduct, the Plaintiff suffered personal injuries including, but not limited to, injuries to his tendons, ligaments, as well as damage to his nerves, disks, lumbar spine as well as injuries to other parts of his body some of which will continue for an indefinite time into the future and are permanent

3

in nature.

16. As a direct and proximate result of tortfeasor's reckless and negligent conduct and by reason of the injuries sustained by him, the Plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation.

17. As a direct and proximate result of tortfeasor's reckless and negligent conduct, the Plaintiff has or may hereafter incur other financial expenses or losses which do or may exceed amounts which he may otherwise be entitled to recover under her first party benefits.

18. As a direct and proximate result of the tortfeasor's reckless and negligent conduct, the Plaintiff has suffered a loss of earnings and earning capacity as a result of her injuries.

## COUNT I - BREACH OF CONTRACT

19. The Plaintiff has two policies of underinsured motorist coverage. The first policy is with Nationwide Insurance Company of America with the primary amount of coverage for underinsured motorist coverage of $300,000 for each person. In addition to that, there is a second policy that is available that is an excess policy or "umbrella" policy with Nationwide Mutual Insurance Company, a division of Nationwide Insurance Company of America, in the amount of $1,000,000. Therefore, the Defendants have issued to the Plaintiff, insurance coverage of $1,300,000 for losses sustained as a result of an underinsured motorist injury.

20. It is believed and therefore averred that the value of the Plaintiff's claim against the tortfeasor exceeds the policy limit available from or on behalf of the tortfeasor.

21. Under the policies of insurance, the insurance carriers stand in the shoes of the tortfeasor for purposes of liability and damages.

22. It is believed and therefore averred that the amount of the damages yet to be determined is clearly worth more than the tortfeasor's policy limits.

23. Plaintiff has sent to the Defendants, a formal demand letter including police reports, medical records, wage loss information and various other information necessary to allow the Defendant carriers to evaluate the claims. .

24. The Defendants have made an offer which demonstrates a lack of understanding of Plaintiff's injuries and which is unacceptable and rejected by Plaintiff. The Defendants have breached their obligation under the insurance contract to make timely payment of the value of the claim by making a fair and reasonable offer.

25. Plaintiff purchased a policy of automobile insurance with the Defendants which was in effect on the date and time of the above referenced collision and the injuries suffered therefrom is outlined herein. The proof of the underinsured status of the tortfeasor was provided to the Defendants.

26. By contract as well as by operation of law, the Defendants as underinsured motorists insurers, are required to pay those damages that the tortfeasor is obligated to pay.

28. It is believed and therefore averred that the value of the claim is substantial and no where near what was offered by Defendants.

29. Plaintiff has cooperated in all aspects of the Defendants' requests for additional information.

30. The Defendants failure to properly evaluate the claim is a breach of contract of insurance and requires the relief requested by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus interests and costs of suit as the law may allow.

Respectfully submitted,

MURPHY & DENGLER

By _____
Frank P. Murphy, Esq. ID#25361
Attorney for plaintiffs
43 E. Marshall St.
Norristown, PA 19401
610-272-4222
fpm@fmurphylaw.com

## VERIFICATION

I, RICHARD TYSON, being duly sworn according to law depose and state under the penalties of 18 Pa.C.S. §4904 (relating to unsworn falsification to authorities) that the statements contained in the foregoing are true and correct to the best of my knowledge, information and belief.

*Richard Tyson*
Richard Tyson

Date: 7/30, 2015